AUSTIN and others vs. BACON, impleaded with others.

(1.) *Usury—Compound Interest.* (2, 3,) *Rule as to contents of the "Printed Case."*

1. A note is not usurious because it provides for payment not only of the principal of a previous note, for which it is substituted, but also for compound interest thereon, at the highest rate of interest allowed by law, from the date of such previous note.

2. The "printed case" should contain only an *abstract* of the testimony, and should omit all irrelevant and impertinent matter.

3. A printed case of seventeen hundred folios, which contains a vast amount of irrelevant or immaterial matter, which occupied three days in the reading, and which might have been condensed into one-tenth of the space—*held* to be an imposition upon the time and patience of this court.

APPEAL from the Circuit Court for *Rock* County.

Mortgage foreclosure, brought by *David W. Austin, Thomas H. Austin* and *Eber J. Austin,* against *Freeman Bacon* and others. In June, 1852, one John Austin, father of the plaintiffs, loaned *Freeman Bacon* $1,000 and took from him a note for that amount, at three years, with interest payable annually at twelve per cent. until paid, secured by a mortgage of land executed by said *Freeman Bacon* and wife. Said note and mortgage ran to *David W. Austin.* In August, 1856, *Freeman Bacon* and wife conveyed to one John M. Bacon, one hundred and eighty acres of the land covered by said mortgage, with other lands. In April, 1857, John M. Bacon gave said *David W. Austin* his note for $1,762.34, with interest at twelve per cent. from the 15th of June, 1857, payable annually until said note should be paid; and also executed to *David W. Austin* a mortgage of land. The consideration for said note and mortgage was said principal sum of $1,000 mentioned in the note and mortgage previously described, with interest thereon at twelve per cent., compounded from the date of the note to June 15, 1857. There was paid and endorsed on said note of $1,762.34, on the 1st of November, 1858, the sum of $735. On the 1st of April,

Aestin and others vs. Bacon, impleaded with others.

1859, *Freeman Bacon* gave said John Austin his note for $2,000, at two years, with interest at twelve per cent., payable annually, until the note was paid, and secured the same by a mortgage of the same lands described in the last described mortgage, some part of which had been previously conveyed to him by John M. Bacon. The nature of the consideration for this note, and whether it was usurious, are questions in dispute in this case. The complaint alleges that it was to secure payment of the same indebtedness which John M. Bacon's note and mortgage of April, 1857, were given to secure, "and also to secure certain other indebtedness owing by the said *Freeman Bacon*" to the aforesaid John Austin, the father, and to *Thomas H. Austin*, one of the plaintiffs. The finding of the circuit court as to this point is substantially as follows: That the consideration for said note originally agreed upon between *Freeman Bacon* and John Austin was the amount due on said note for $1,762.34, and a loan of cash sufficient therewith to make up the sum of $2,000; but that John Austin, after the $2,000 note and mortgage were made and tendered to him, refused to fulfil that agreement as to the loan of additional money, and, with a view to evade the usury laws, required *Bacon* to accept in lieu thereof certain amounts of wheat at $1.00 and $1.25 per bushel, respectively, although the same was not worth, in the market, more than 75 or 80 cents per bushel; with which demand *Bacon* reluctantly complied. The court further found that *Bacon*, in pursuance of this arrangement, and at the request of John Austin, on the 20th of April, 1859, delivered said $2,000 note and mortgage to *Thomas H. Austin*, one of the plaintiffs, and received from him said note and mortgage for $1,762.34; that *Thomas H. Austin* retained possession of said $2,000 note and mortgage until February 1, 1866; that on the 2d day of that month John Austin transferred and assigned them to *Eber J. Austin;* and that about said 1st of February, 1866, the plaintiffs "agreed to own and share said mortgages between themselves."

The complaint in this action is founded upon both of the two

mortgages last above described; but its averments and those of the answer need not be further recited.    Upon the facts above stated, and others mentioned in the finding, the circuit court held that the $2,000 note and mortgage were void for usury; that the plaintiffs were the lawful owners of the note and mortgage for $1,762.34, and the indebtedness secured thereby; that said mortgage was a lien upon certain of the lands therein described; and that plaintiffs were entitled to judgment of foreclosure and sale against said lands, etc.    Judgment accordingly from different parts of which the plaintiffs and *Freeman Bacon*, respectively, appealed.

*Cassoday, Merrill & Dixon*, for plaintiffs.

*Isaac Rogers* and *Charles G. Williams*, for defendant *Bacon*.

COLE, J.    These are cross-appeals from different parts of the same judgment.

The questions involved in each are principally matters of fact.    I have carefully read the printed case, and think the evidence warrants the following conclusions:

*First.* That the mortgagor, *Freeman Bacon*, on the first day of April, 1859, the day they bear date, executed and delivered the $2,000 note and mortgage mentioned in the pleadings and evidence.

*Second.* That this note and mortgage were executed and delivered at that time in pursuance of a previous agreement and understanding by and between the said mortgagor and the mortgagee, John Austin, Sen., by which *Bacon* agreed to give these securities for the amount therein specified, and take as much seed wheat as he might want from *Thomas H. Austin* at $1.25 per bushel, and enough wheat from John Austin, Sen., at $1.00, to make, with the balance unpaid on the note and mortgage of $1,762,34, given April 18th, 1857, the sum of $2,000.

I do not think that the testimony sustains the conclusion that John Austin, Sen., previous to April 1st, 1859, agreed to loan *Freeman Bacon* an amount of money sufficient, with

what remained unpaid on the note and mortgage of $1,762,34, to make the sum of $2,000, and then compelled *Bacon*, in lieu of money, to take wheat and other grain, with a view to evade the usury laws of the state and for the purpose of obtaining a greater rate of interest than twelve per cent., which was the rate of interest *Bacon* was to pay. It is true, this is *Bacon's* account of the transaction ; but I am not satisfied that his statements are reliable and are entitled to credit as against the opposing testimony. But it seems to me the decided weight of testimony is in support of the opposite conclusion, and establishes the facts already stated.

If this view of the effect of the testimony is correct, then it follows as a matter of course, that the $2,000 note and mortgage are perfectly valid securities. This is certainly so unless it can be said there was usury in the note and mortgage of $1,762.34, for the reason that compound interest was included in them when they were executed. That compound interest, or interest upon interest, was included in this note and mortgage, does not admit of doubt; but I am satisfied from the evidence that this was done by the agreement of the respective parties, the debtor and creditor, and without any corrupt intent to violate the law upon the subject of usury. It was nothing more than a contract for the payment of interest upon interest previously due, and payable according to the note and mortgage given June 15th, 1852. Such contracts have been sustained by this court.

This is all we feel called upon to say upon the merits of these appeals. But we cannot take our leave of these causes without an expression of dissatisfaction at the manner in which they have been presented to us. The printed case contains nearly seventeen hundred folios, and it is not too much to say that it might and should have been condensed into at least one-tenth the space it fills. A vast amount of utterly irrelevant and immaterial matter is included in the printed case, which serves no earthly purpose except to increase the labor of the members

of this court in examining and deciding the cause. It requires two or three days to wade through the case to see what it contains. We feel that counsel have no right to impose such wholly unnecessary labor upon us. The testimony bearing upon the issues of fact might have been compressed into a comparatively brief space. We must insist upon the observance of the rule, particularly in actions of this character, that the printed case contain an *abstract* of the testimony, and that all irrelevant and impertinent matter be omitted therefrom. An observance of the rule would relieve the members of this court from much embarrassment and difficulty in deciding causes, especially those involving purely questions of fact.

It follows from the views we have expressed upon the testimony, that so much of the judgment as is appealed from in each of these appeals, must be reversed, and that the cause must be remanded with directions to render judgment of foreclosure for the amount due upon the $2,000 note and mortgage.

*By the Court.*—It is so ordered.

LYON, J., took no part in this decision, having presided at the circuit when the cause was decided.

A motion for a rehearing was denied at the June term, 1871.