LEONARD and others vs. BARNUM and others.

*Printed Case — "Brief abstract" of evidence.— Rule* 8.

The court refuses to look into the oral testimony contained in the printed case on this appeal, until furnished with a "brief abstract" thereof, as required by Rule 8; but defers the decision of the cause for a reasonable time to enable the parties (or one of them, both being appellants) to furnish such abstract.

APPEAL from the Circuit Court for *Kenosha* County.

*By the Court.* This action is brought here by cross appeals from different portions of the same judgment. The printed case contains over four hundred pages of oral testimony in the form of questions and answers, evidently as the same was taken down by the phonographic reporter on the trial. We find no bill of exceptions containing the oral testimony in the record, but have no doubt the printed case is a literal copy of it. The testimony has been examined sufficiently to satisfy us that were the same properly reduced to a narrative form, and all immaterial matters omitted, it would not occupy over one hundred pages of the printed case — probably much less than that number.

After the employment of phonographic reporters in trials at the circuit court had become common, the practice grew up of printing the bill of exceptions in full, in entire disregard of Rule 8 of this court, which requires only that a "brief abstract" of the return of the clerk be printed in the case. The result was, that in very many cases the time of the court was unnecessarily consumed in listening to, or in reading, a vast mass of testimony, the substance of which could have been stated in a few brief paragraphs. Besides, the expense of printing was made unnecessarily burdensome. The evil became, at length, so intolerable that it was found necessary to insist on the observance of the rule, and our determination to do so was distinctly declared to the profession at the June term, 1871, in the cases of *Austin v. Bacon,* 28 Wis., 416; *Butler v. The Mil. & St. P. R. Co.,* id., 487; and *Karasich v. Hasbrouck,* id., 569. Except in a few cases which were printed before our determination was known to the attorneys who prepared them, the rule has since been well observed, and there has been but little reason for complaint in that behalf, until now.

But the present case is a plain, palpable violation of the rule, and both parties are responsible for it, for both are appellants. We should be unjust to ourselves, to suitors, and to the profession generally, were we to fail, in the present case, to insist

upon a compliance with the rule.   We must therefore decline to look into the oral testimony contained in the printed case, until we are furnished with a brief abstract thereof, as the rule requires; and we defer the decision of these appeals for a reasonable time to enable the parties, or one of them, to furnish the same.   The pleadings, findings, judgment and exhibits need not be reprinted.